No. 3808

Second Circuit

———

EASTERLING v. INTERNATIONAL PA-
PER CO.

———

(July 5, 1930. Opinion and Decree.)

———

Theus, Grisham, Davis & Leigh, of Mon-
roe, attorneys for plaintiff, appellee.

Madison & Madison, of Bastrop, attor-
neys for defendant, appellant.

WEBB, J. This action was filed May 9,
1929, to recover compensation for perma-
nent total disability to do work of any
reasonable character (see subd. (c) sub-
section 1, sec. 8, Act No. 20 of 1914, as
amended by section 1, Act No. 242 of

1918), which was alleged to have re-
sulted from injuries sustained by plain-
tiff on May 15, 1928, while he was en-
gaged in the service of defendant. Trial
was had on January 7, 1930, and defend-
ant appeals from a judgment in favor of
plaintiff for compensation as demanded.

The evidence established that plaintiff
fell from a scaffold on May 15, 1928, while
he was engaged in the service of defend-
ant, and that at the time of the trial, on
January 7, 1930, he was unable to do work
of any reasonable character, but there
were not any bruises or wounds of the
body discernible after the accident, and
it is conceded that at the time of the
trial plaintiff suffered with disease which
may have resulted from other causes than
injury, and the evidence was directed to-
ward establishing that plaintiff had sus-
tained an injury at the time of the acci-
dent which caused or contributed to the
disease and disability resulting therefrom.

Plaintiff said, in substance, that he fell
from a scaffold which was about five feet
in height, down a flight of stairs, land-
ing on a concrete floor, rendering him
momentarily unconscious; that when he
recovered consciousness he suffered pain
in the lumbar region of his back, and in
his neck; and that he was attended by a
physician who placed adhesive tape across
the lumbar region of his back. Plaintiff
also stated that he had been in good
health and able to work prior to the ac-
cident and that he had not been able to do
any work since the accident.

There were eight physicians called by
the parties, among whom there was some
conflict of opinion relative to the char-
acter of the disease with which plaintiff
suffered at the time of the trial. Two of
them were of the opinion that plaintiff had
partial paralysis of the hands, arms and
shoulders, while the others were of the

opinion that plaintiff had arthritis; and passing any discussion of the evidence on which the respective opinions were apparently based, we think that the weight of the evidence established that plaintiff had arthritis, a disease which affects the joints of the bones, and which, at the time of the trial, had affected the bones of the hands, arms, shoulders, lower vertebrae, and feet. All of the physicians agreed that arthritis is caused by focal infection, or diseased organs of the body, as the teeth, lungs, kidneys, etc., from which poisons are thrown into the system; and they also agreed that an injury to some organ of the body may create a source of infection, and the disease, or that where there is a source of infection an injury of the bones may cause the disease to develop in such tissues.

Of the six physicians who found that plaintiff had arthritis, two, who were called by plaintiff, were of the opinion that the source of infection was one of plaintiff's kidneys which, they concluded, had been injured at the time of the accident, while the others were of the opinion that the source of infection was the lungs, which, they concluded, had been left in a diseased condition from an attack of influenza which plaintiff contracted soon after the accident.

As stated, there were not any bruises or wounds on plaintiff's body after the accident, and at the time plaintiff was examined by the physicians appearing in his behalf (which was thirteen months after the accident) there was not any external indications of any injury of the kidneys, and their opinion that there had been such an injury was apparently based upon their finding pus in plaintiff's urine and plaintiff's statement that he suffered with pain in the lumbar region of his back. They concede, however, that the pus may have come from some other source than the kidneys, and the evidence establishes that at the time they examined plaintiff, the disease, arthritis, had progressed to such a stage as to account for the pain which plaintiff experienced.

Of the physicians who were of the opinion that the source of infection causing arthritis was plaintiff's lungs, one had attended plaintiff immediately after the accident, and he stated that about a week after the accident plaintiff did not complain of his back, although plaintiff at the time had influenza, which, the physicians stated, had left plaintiff's lungs in a diseased condition; and about thirty days after the accident plaintiff, who carried a health insurance policy, was examined by a physician representing the insurance company, and by the physician who attended him after the accident, and both physicians signed a report, which was also signed by plaintiff, that plaintiff had pulmonary tuberculosis and was totally disabled to do any work.

The record shows that the disease, arthritis, developed six or eight months after the accident, and while the evidence shows plaintiff was totally disabled to work from that time to the time of the trial, the disease accounts for the disability, and we do not find that the evidence established any connection between the disease and the accident.

While the evidence does not show with certainty whether plaintiff was confined to his bed after the accident or that he was totally disabled during the period after the accident and prior to the time arthritis developed, we assume that he was unable to do manual labor. But we think that the evidence shows that with the exception of a few days his disability was caused by influenza and the after

effects of that disease. It is certain that the physician who examined plaintiff immediately after the accident, and who was the only one of the physicians who had treated plaintiff, did not find that plaintiff had sustained any serious injury, and that he and the physician representing the insurance company attributed the continuity of disability to influenza and the after effects of that disease.

The judgment appealed from is therefore avoided and reversed and plaintiff's demands rejected at his cost.